IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DIANE VALORY, | ) | CIVIL NO. 07-00070 SPK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CONNIE GAYLE, Individually | ) | |
| and doing business as CONNIE | ) | |
| GAYLE BEAUTY CENTERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION TO
<u>ENFORCE SETTLEMENT, FOR SANCTIONS AND FOR ENTRY OF JUDGMENT</u>**

Before the Court is Plaintiff Diane Valory's ("Plaintiff") Motion to Enforce Settlement, for Sanctions and for Entry of Judgment ("Motion"), filed on September 10, 2008. Defendant Connie Gayle, individually and doing business as Connie Gayle Beauty Centers (collectively "Defendant"), filed her memorandum in opposition on September 25, 2008, and Plaintiff filed her reply on October 9, 2008. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

Plaintiff filed the instant action on February 9, 2007. The Complaint alleged that, while Plaintiff was vacationing in Hawaii, she patronized Defendant's beauty salon and purchased services that should have totaled between $1,000.00 and $2,000.00. Defendant, however, charged a total of $28,658.39 to Plaintiff's credit card and $4,831.10 to Plaintiff's debit card. Plaintiff alleged, *inter alia*, that Defendant's unauthorized use of her credit and debit cards constituted fraud. Plaintiff sought general, special, and punitive damages, attorney's fees and costs, and other appropriate relief.

The parties reached a settlement and placed the terms on the record before this Court on November 20, 2007. Plaintiff agreed to accept $20,000.00, which Defendant was to pay on or before January 7, 2008. The district judge entered an order of dismissal on January 18, 2008 ("Dismissal Order"). The Dismissal Order states that the "court retains jurisdiction to reopen the proceeding, upon good cause shown, if the settlement conditions have not been satisfied timely." Judgment was entered pursuant to the Dismissal Order on the same day.

Plaintiff filed her first Motion to Enforce Settlement and for Sanctions on February 12, 2008 ("First Motion"). The First Motion stated that Defendant's counsel informed Plaintiff's counsel that Defendant had problems with the transaction which

was to fund the settlement.  Plaintiff reluctantly agreed to a thirty-day extension, but asked for documentation setting forth the reasons for the delay.  Plaintiff, however, never received the documentation.  Defendant filed a memorandum in opposition to the First Motion on February 22, 2008.  Plaintiff later withdrew the First Motion without prejudice to refiling because Defendant planned to pay the settlement amount from the anticipated sale of her residence.

In the instant Motion, Plaintiff states that Defendant still has not paid the settlement amount.  Defendant's residence has been listed for sale for a year, but has not sold.  Plaintiff urges the Court to sanction Defendant and to enter judgment for the amount of the settlement, one year of interest, and $1,500 in attorney's fees and costs incurred as a result of Defendant's non-payment.  Plaintiff states that she should be able to file the judgment as a lien against Defendant's residence and attach all monies paid by the customers at Defendant's stores.

In her memorandum in opposition, Defendant states that she has made a good faith effort to obtain the settlement amount, including applying for different loans and trying to refinance her home.  Defendant then placed her home for sale, but it has not sold in light of the state of the economy and the local house market.  Defendant argues that, under the circumstances, the Court should deny the Motion.

In her reply, Plaintiff argues that Defendant's inability to obtain financing to pay the settlement amount and her failure to sell her home were not conditions of the settlement.  Plaintiff's counsel has seen Defendant "in recent months driving an expensive sports car and exercising at an expensive health club."  [Reply at 3.]  Plaintiff argues that this indicates that Defendant has sufficient assets to pay the settlement amount.  Plaintiff argues that she should be allowed to seize some Defendant's assets to satisfy the settlement. Plaintiff also argues that the Court should grant the Motion because Defendant had a reasonable amount of time to perform her settlement obligations and apparently does not intend to pay.

## DISCUSSION

The principles of Hawaii contract law apply to the construction and enforcement of the settlement agreement in this case.  See O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004) ("[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally" (citations and quotation marks omitted) (alteration in original)); see also Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Haw. 277, 288, 172 P.3d 1021, 1032 (2007) (stating that settlement agreements are governed by contract law because they are a type of contract).

The Hawaii Supreme Court has held that a "circuit court lack[s] jurisdiction to enforce an oral settlement, entered on the record before the circuit court, after all parties stipulated to dismiss with prejudice all claims and parties." State ex rel. Office of Consumer Prot. v. Honolulu Univ. of Arts, Scis. & Humanities, 110 Haw. 504, 513, 135 P.3d 113, 122 (2006) (citation and quotation marks omitted).  In this case, however, the Dismissal Order states that the court retains jurisdiction to reopen the case for good cause if either party fails to timely satisfy her settlement obligations.  The parties entered into a valid and binding settlement agreement and Defendant has failed to satisfy her obligations under the settlement, despite having a reasonable amount of time to do so.  This Court therefore FINDS that there is good cause to reopen the case.

Further, this Court RECOMMENDS that the district judge GRANT Plaintiff's Motion, to the extent that it seeks enforcement of the parties' settlement agreement.  The Court recommends that the district judge direct the entry of an amended judgment in favor of Plaintiff and against Defendant for the settlement amount of $20,00.00, plus six percent interest from February 6, 2008 to the date amount is paid.

Plaintiff also seeks $1,500.00 in attorney's fees and costs incurred as a result of Defendant's failure to timely pay the settlement amount.  Plaintiff, however, has not cited any

legal authority supporting her request.  Further, even if attorney's fees and costs are available, they must be reasonable and necessarily incurred in enforcement of the settlement.  Plaintiff has not provided any supporting documentation to establish the reasonableness of her requested attorney's fees and costs.  This Court therefore RECOMMENDS that the district judge DENY Plaintiff's Motion to the extent that it seeks attorney's fees and costs incurred as a result of Defendants' failure to satisfy her settlement obligations.  The Court recommends that the denial be without prejudice to the filing of a motion for attorney's fees and costs that complies with the requirements of Local Rule 54.3.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS that there is good cause to reopen the instant case AND RECOMMENDS that Plaintiff's Motion to Enforce Settlement, for Sanctions and for Entry of Judgment, filed September 10, 2008, be GRANTED IN PART AND DENIED IN PART.  Specifically, the Court RECOMMENDS that the district judge GRANT the Motion to the extent that it seeks enforcement of the settlement agreement.  The Court recommends that the district judge direct the entry of an amended judgment in favor of Plaintiff and against Defendant in the amount of $20,000.00, plus six interest from February 6, 2008 until the amount is paid.  The Court RECOMMENDS that the district

judge DENY the Motion to the extent that it seeks attorney's fees and costs incurred as a result of Defendant's failure to pay her settlement obligations.  The Court recommends that the denial be without prejudice to the filing of a motion for attorney's fees and costs.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, October 30, 2008.



        /S/ Leslie E. Kobayashi
        Leslie E. Kobayashi
        United States Magistrate Judge

**DIANE VALORY V. CONNIE GAYLE, ETC., ET AL; CIVIL NO. 07-00070 SPK-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT, FOR SANCTIONS AND FOR ENTRY OF JUDGMENT**