IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIANE VALORY, ) | Civ. No. 07-00070 SPK-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CONNIE GAYLE, Individually and d/b/a ) | |
| CONNIE GAYLE BEAUTY CENTERS, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER OVERRULING OBJECTION AND ADOPTING FINDINGS AND RECOMMENDATION

On October 30, 2008, U.S. Magistrate Judge Leslie E. Kobayashi issued Findings and a Recommendation to Grant in Part and Deny in Part Plaintiff's Motion to Enforce Settlement, for Sanctions, and for Entry of Judgment. Defendants have objected pursuant to LR 74.2 and 28 U.S.C. § 636(b)(1)(B). Upon de novo review and having fully reviewed the filings on this matter, the Court OVERRULES the objection and ADOPTS Judge Kobayashi's Findings and Recommendation.

Judge Kobayashi found good cause to reopen this case to enforce the terms of the settlement agreement because the agreement was valid and binding, and the Court had retained jurisdiction to reopen proceedings upon good cause shown if

the settlement terms had not been satisfied. Judge Kobayashi recommended that the Court enforce the agreement and direct the entry of an amended judgment in favor of Plaintiff and against Defendants for the settlement amount of $20,000, plus six percent interest from February 6, 2008, to the date the amount is paid. Judge Kobayashi also recommended denying Plaintiff's corresponding request for attorney's fees and costs, without prejudice to filing a motion seeking such fees and costs that complies with LR 54.3.

Having reviewed the record in this case, the Court agrees with Judge Kobayashi. The written settlement agreement contained a clause explicitly stating that Defendants' obligation to pay "$21,000 consideration is a stand alone obligation and is not contingent upon the aforementioned anticipated sale of 1709 Hale Koa Avenue." [Agreement at 4].[1] Especially given that clause, Defendants' objection – that unanticipated housing-market conditions have prevented payment of the agreed upon amount – is unavailing. Defendants have simply failed to

---

[1] The agreement also refers to the subject residence as "1769 Halekoa St." The amount of the settlement agreed upon on November 20, 2007, was $20,000. After subsequent delay and negotiation, a written agreement was signed on July 17, 2008, which stated the amount due as $21,000. Plaintiff's memorandum states that an additional $1,000 was agreed upon because of the delay involved. That written agreement was apparently not before Judge Kobayashi (it was attached to Plaintiff's November 25, 2008, Response to Defendants' objection). In any event, the finding and recommendation to award six percent interest from February 6, 2008 (in addition to $20,000) adequately takes into account the delay involved. The Court proceeds on Judge Kobayashi's recommendation of $20,000, not the $21,000 in the July 17, 2008, written settlement Agreement.

perform the terms of the agreement, and have failed to so perform for over a year.

The Court also agrees with Judge Kobayashi that there has been no proper showing of entitlement to fees and costs. As Judge Kobayashi recommended, it is appropriate to deny the request for fees and costs without prejudice to Plaintiff filing an appropriate motion under LR 54.3.

Accordingly, the Court OVERRULES Defendants' objections and ADOPTS Judge Kobayashi's October 30, 2008, Findings and Recommendation. The Motion to Enforce is GRANTED to the extent it seeks enforcement of the settlement agreement. Judgment shall enter in favor of Plaintiff and against Defendants in the amount of $20,000 plus six percent interest from February 6, 2008 until the amount is paid. The corresponding request for fees and costs is DENIED without prejudice to the filing of an appropriate motion for fees and costs.

IT IS SO ORDERED.

DATED: December 9, 2008.

/s/ Samuel P. King
Samuel P. King
Senior United States District Judge